Catron, Ch, J.
delivered the opinion of the court.
Was the appeal correctly abated? On the 28th February, 1831, N. Haggard, Esq. counsel for Officer, suggested the death of Elrod,. but it does not appear this suggestion was admitted to be true; such suggestions are frequently made in the courts for the purpose of letting in proof of the fact; generally it is not denied, and stands as a recorded fact, but the mere suggestion by counsel does not establish it as a fact on which an abatement can be grounded. To permit this would be fraught with much danger where a party resides abroad. The court *139 must have it established to its satisfaction, and enter it as a fact. It therefore does not appear from the record that Peter Elrod was dead, and the suit could not be abated. But suppose it did appear, as no doubt the truth is, could Officer, the appellant, under the circumstances, abate his appeal? The administrator resisted it. The cause stood in the circuit court, after the reversal in the supreme court, as it stood at February term, 1831, the proceeding under the act of assembly being merely void.
The act of 1785, ch. 2, sec. 2, provides, “that no appeal in any cause or court whatever, shall abate by the death of either plaintiff or defendant, but may be proceeded in by application of the heirs, executors, administrators or assigns of either. By the act of 1786, ch. 14, sec. 1, the administrator may carry on any suit or action in court, after the death of plaintiff or defendant, as appeals are carried on by the act of 1785: and fey the act of 1789, ch. 87, sec. 7, it is provided, where a term of the couit shall intervene between the death of a plaintiff or defendant, and the qualification of the administrator, the intervention of such term shall not work any abatement or discontinuance.
Had Officer established the fact of Elrod’s death, he had the right, at the second term after the time of the death occurred, to abate his appeal,- if no administrator appeared to prosecute the suit, as representative of Elrod. 1 Haywood’s Rep. 455: 2 Haywood’s Rep. 65: Taylor’s Rep. 134. But if he did not exercise the right until an administrator appeared, the court would not then allow it, because the acts of assembly provide generally* that appeals and suits shall not abate without limiting the time; and the courts, for the sake óf convenience, have by construction of the acts of assembly, permitted the abatement to be entered of record at the second term on the motion of the living party: but no instance is known wheré, if the administrator appeared and asked to revive and prosecute the suit at any time before it was actually *140 abated by order of the court, that' he was refused the ex-,erciseof the right; and itis apprehended it cannot be with-holden from him.
The judgment will be reversed and the cause remand" ed to the circuit court, where it will be revived and proceeded in.
Judgment reversed.